| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Marc Aaron Goldbach (SBN 139318) Goldbach Law Group 111 W. Ocean Blvd., Suite 400 Long Beach, CA 90802 562-696-0582 888-771-5425 marc.goldbach@goldbachlaw.com | |

☐ *Respondent appearing without attorney*
☒ *Attorney for Respondent:*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA · LOS ANGELES DIVISION

| In re:<br><br>Washica Little | CASE NO.: 2:25-bk-14021-WB |
|---|---|
| | CHAPTER: 13 |
| | **RESPONSE TO MOTION REGARDING THE AUTOMATIC STAY AND DECLARATION(S) IN SUPPORT** |
| | DATE: 05/05/2026<br>TIME: 10:00 am<br>COURTROOM: 1375<br>PLACE: 255 East Temple Street<br>Los Angeles, CA 90012 |
| Debtor(s). | |

**Movant:** Partners Federal Credit Union

**Respondent:**   ☒ Debtor    ☐ trustee    ☐ other:

> NOTE REGARDING FILING AND SERVICE OF RESPONSE, EXHIBITS AND DECLARATIONS:
>
> A copy of the Response, exhibit(s) and declaration(s) must be served upon:
>
> (1) Movant's attorney (or Movant, if Movant does not have an attorney);
> (2) the trustee; and
> (3) the judge who presides over this bankruptcy case.
>
> Then the document must be filed with the court.

1.   ☐   **NONOPPOSITION**
The Respondent does not oppose the granting of the Motion.

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

2. ☐ **LIMITED OPPOSITION**

   a. ☐ Respondent opposes the Motion only to the extent that it seeks immediate relief from stay. Respondent requests that no lock out, foreclosure, or repossession take place before (*date*): _____ and the reason for this request is (*specify*):

   b. ☐ As set forth in the attached declaration of the Respondent or the Debtor, the motion is opposed only to the extent that it seeks a specific finding that the Debtor was involved in a scheme to hinder, delay or defraud creditors.

     The Debtor:
     (1) ☐ has no knowledge of the Property.
     (2) ☐ has no interest in the Property.
     (3) ☐ has no actual possession of the Property.
     (4) ☐ was not involved in the transfer of the Property.

   c. ☐ Respondent opposes the Motion and will request a continuance of the hearing since there is an application for a loan modification under consideration at this time. Evidence of a pending loan modification is attached as Exhibit _____.

3. ☒ **OPPOSITION:** The Respondent opposes granting of the Motion for the reasons set forth below.

   a. ☐ The Motion was not properly served (*specify*):

     (1) ☐ Not all of the required parties were served.
     (2) ☐ There was insufficient notice of the hearing.
     (3) ☐ An incorrect address for service of the Motion was used for (*specify*):

   b. ☒ Respondent disputes the allegations/evidence contained in the Motion and contends as follows:

     (1) ☒ The value of the Property is $ _18,988.00_____, based upon (*specify*):
     KBB. Debtor is now back to work now and all payments have been made. Debtor needs this car to get to and from work. Debtor will continue to mail money orders and send the payments by UPS so they are tracked.

     (2) ☐ Total amount of debt (loans) on the Property is $ _____.

     (3) ☒ More payments have been made to Movant than the Motion accounts for. True and correct copies of canceled checks proving the payments that have been made are attached as Exhibit __1__.

     (4) ☐ There is a loan modification agreement in effect that lowered the amount of the monthly payments. A true and correct copy of the loan modification agreement is attached as Exhibit _____.

     (5) ☒ The Property is necessary for an effective reorganization. Respondent filed or intends to file a plan of reorganization that requires use of the Property. A true and correct copy of the plan is attached as Exhibit __2__.

     (6) ☒ The Property is fully provided for in the chapter 13 plan and all postpetition plan payments are current. A true and correct copy of the chapter 13 plan is attached as Exhibit __2__ and proof that the plan payments are current through the chapter 13 trustee is attached as Exhibit __3__.

     (7) ☒ The Property is insured. Evidence of current insurance is attached as Exhibit _4___.

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

(8) ☐ Movant's description of the status of the unlawful detainer proceeding is not accurate.

(9) ☐ Respondent denies that this bankruptcy case was filed in bad faith.

(10) ☐ The Debtor will be prejudiced if the Nonbankruptcy Action is allowed to continue the nonbankruptcy forum.

(11) ☒ Other (specify):
All payments have been made including this month's payment for April. A few months ago, the payments got a little behind because Debtor got sick and could not work for an extended time.

c. ☒ Respondent asserts the following as shown in the declaration(s) filed with this Response:

(1) ☐ The bankruptcy case was converted from chapter ___ to chapter ___.

(2) ☒ All postpetition arrearages will be cured by the hearing date on this motion.

(3) ☒ The Property is fully provided for in the chapter 13 plan and all postpetition plan payments
☒ are current, or ☐ will be cured by the hearing date on this motion.

(4) ☐ The Debtor has equity in the Property in the amount of $ _____.

(5) ☐ Movant has an equity cushion of $ _____ or _____% which is sufficient to provide adequate protection.

(6) ☒ The Property is necessary for an effective reorganization because (specify):
Debtor states she is current on her car payments. All post petition arrrears will be cured by the hearing date on this motion. Also Debtor's BMW is necessary in order for Debtor to get to and from work.

(7) ☒ The motion should be denied because (specify):
Debtor states she is current on her car payments. All post petition arrrears will be cured by the hearing date on this motion. Also Debtor's BMW is necessary in order for Debtor to get to and from work.

(8) ☐ An optional memorandum of points and authorities is attached in support of this Response.

4. **EVIDENCE TO AUTHENTICATE EXHIBITS AND TO SUPPORT FACTS INSERTED IN THE RESPONSE:**

Attached are the following documents in support of this Response:

☒ Declaration by the Debtor                    ☐ Declaration by the Debtor's attorney
☐ Declaration by trustee                       ☐ Declaration by trustee's attorney
☐ Declaration by appraiser                     ☐ Other (specify):

Date: 04/21/2026

Goldbach Law Group
Printed name of law firm for Respondent (if applicable)

Marc Aaron Goldbach
Printed name of individual Respondent or attorney for Respondent

/s/ Marc Aaron Goldbach
Signature of individual Respondent or attorney for Respondent

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                              Page 3                          F 4001-1.RFS.RESPONSE

Marc Aaron Goldbach (SBN 139318)
Goldbach Law Group
111 W. Ocean Blvd., Suite 400
Long Beach, CA 90802
562-696-0582
888-771-5425
marc.goldbach@goldbachlaw.com

IN THE UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

In Re:                                   )
                                         )
WASHICA LITTLE                           )          Chapter 13
                                         )
                                         )          Case No. 2:25-bk-14021-WB
            Debtor.                      )

DECLARATION OF WASHICA LITTLE

I, Washica Little, declare:

1.  I am the Debtor in this case. I have personal knowledge of the following facts and if called as a witness I could and would te3stify competently thereto.

2.  All car payments have been made including this month's payment for April, 2026. A few months ago, the car payments got a little behind because I got sick and could not work for an extended time. I am now back to work and all car payments have been made.

3.  I need this car to get to and from work. I will continue to mail money orders and send the payments by UPS so they are tracked.

4.  True and correct copies of proof of payments that have been made are attached as Exhibit 1.

5.  A true and correct copy of my Chapter 13 Plan is attached as Exhibit 2.

1

6. True and correct copies of proof that my plan payments are current through the Chapter 13 trustee are attached as Exhibit 3.

7. Evidence of current insurance is attached as Exhibit 4.

8. All post petition arrears will be cured by the hearing date on this motion.

9.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 15, 2026.

_Washica Little_
Washica Little

DECLARATION OF ~~WASHICA LITTLE~~ IN SUPPORT OF APPLICATION TO EMPLOY

2

WASHICA LITTLE                    )          Chapter 13
                                  )
                                  )          Case No.
2:25-bk-14021-WB                  )
_____Debtor._____)

### DECLARATION OF WASHICA LITTLE

I, Washica Little, declare:

1. I am the Debtor in this case. I have personal knowledge of the following facts and if called as a witness I could and would te3stify competently thereto.

2. All car payments have been made including this month's payment for April, 2026. A few months ago, the car payments got a little behind because I got sick and could not work for an extended time. I am now back to work and all car payments have been made.

3. I need this car to get to and from work. I will continue to mail money orders and send the payments by UPS so they are tracked.

4. True and correct copies of proof of payments that have been made are attached as Exhibit 1.

5. A true and correct copy of my Chapter 13 Plan is attached as Exhibit 2.

6. True and correct copies of proof that my plan payments are current through the Chapter 13 trustee are attached as Exhibit 3.

7. Evidence of current insurance is attached as Exhibit 4.

8. All post petition arrears will be cured by the hearing date on this motion.

9.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 15, 2026.



Washica Little

Regards,
Washica Little
404.579.3753

On Apr 14, 2026, at 10:28 PM, Marc Goldbach <marc.goldbach@goldbachlaw.com> wrote:

[Quoted text hidden]
<Washica Little Decl in Supp of Response to MFRS.docx>

**Marc Goldbach** <marc.goldbach@goldbachlaw.com>                    Tue, Apr 14, 2026 at 8:41 PM
To: "Dr. Shica" <dr.shica@gmail.com>

that doesnt work better if you print the document out and sign the signature page and return that page i cant use what you just sent back
[Quoted text hidden]

# EXHIBIT 1

| Post Date | ID | Eff Date | Transaction | Trans Amt | Balance Chg | Int/Pnlty | Fees | New Balance | Description | Prev Available |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Check Received 830.00 | | | | | | | |
| | | | Check Received 1,000.00 | | | | | | | |
| | | | %% PartialPmt  607.70 to  606.32 | | | | | | | |
| 04/01/2026 | L 0090 | 04/01/2026 | Check Paym... | 1,830.00 | -1,830.00 | 0.00 | 0.00 | 29,093.91 | BANK BY MAIL | 0.00 |
| 02/05/2026 | L 0090 | 02/05/2026 | %% PartialPmt  607.24 to  607.70 | | | | | | | |
| | | | RTN ITEM 2/2/26 NSF | | | | | | | |
| 02/05/2026 | L 0090 | 02/05/2026 | Payment Adj... | -610.00 | 610.00 | 0.00 | 0.00 | 30,923.91 | | 0.00 |
| | | | Check Received 610.00 | | | | | | | |
| | | | %% Check hold release 02/04/26    335.00 | | | | | | | |
| | | | %% PartialPmt  607.70 to  607.24 | | | | | | | |
| 02/02/2026 | L 0090 | 02/02/2026 | Check Paym... | 610.00 | -610.00 | 0.00 | 0.00 | 30,313.91 | BANK BY MAIL | 0.00 |
| | | | Check Received 1,220.00 | | | | | | | |
| | | | %% PartialPmt  608.62 to  607.70 | | | | | | | |
| 11/18/2025 | L 0090 | [11/14/2025] | Check Paym... | 1,220.00 | -1,220.00 | 0.00 | 0.00 | 30,923.91 | BANK BY MAIL | 0.00 |
| | | | Check Received 2,440.00 | | | | | | | |
| | | | %% PartialPmt    0.00 to  608.62 | | | | | | | |
| 11/03/2025 | L 0090 | 11/03/2025 | Check Paym... | 2,440.00 | -2,440.00 | 0.00 | 0.00 | 32,143.91 | | 0.00 |
| 10/09/2025 | L 0090 | [02/27/2025] | %% PartialPmt  610.00 to    0.00 | | | | | | | |
| | | | RETURNED ITEM 10/6 NSF | | | | | | | |
| 10/09/2025 | L 0090 | [02/27/2025] | Payment Adj... | -610.00 | 610.00 | 0.00 | 0.00 | 34,583.91 | | 0.00 |
| 10/09/2025 | L 0090 | [10/06/2025] | %% PartialPmt  609.54 to  610.00 | | | | | | | |
| | | | RETURNED ITEM 10/6 NSF | | | | | | | |
| 10/09/2025 | L 0090 | [10/06/2025] | Payment Adj... | -610.00 | 610.00 | 0.00 | 0.00 | 33,973.91 | | 0.00 |
| | | | Check Received 610.00 | | | | | | | |
| | | | %% PartialPmt  610.00 to  609.54 | | | | | | | |
| 10/06/2025 | L 0090 | 10/06/2025 | Check Paym... | 610.00 | -610.00 | 0.00 | 0.00 | 33,363.91 | BANK BY MAIL | 0.00 |
| | | | Check Received 610.00 | | | | | | | |
| | | | %% PartialPmt    0.00 to  610.00 | | | | | | | |
| 10/06/2025 | L 0090 | 10/06/2025 | Check Paym... | 610.00 | -610.00 | 0.00 | 0.00 | 33,973.91 | BANK BY MAIL | 0.00 |
| 09/26/2025 | L 0090 | [02/27/2025] | %% PartialPmt  610.00 to    0.00 | | | | | | | |
| | | | RETURNED ITEM 9/23 REFER TO MAKER | | | | | | | |
| 09/26/2025 | L 0090 | [02/27/2025] | Payment Adj... | -610.00 | 610.00 | 0.00 | 0.00 | 34,583.91 | | 0.00 |
| 09/26/2025 | L 0090 | [09/23/2025] | %% PartialPmt  609.08 to  610.00 | | | | | | | |
| | | | RETURNED ITEM 9/23 REFER TO MAKER | | | | | | | |
| 09/26/2025 | L 0090 | [09/23/2025] | Payment Adj... | -1,220.00 | 1,220.00 | 0.00 | 0.00 | 33,973.91 | | 0.00 |
| | | | Check Received 610.00 | | | | | | | |
| | | | %% PartialPmt  609.54 to  609.08 | | | | | | | |
| 09/23/2025 | L 0090 | 09/23/2025 | Check Paym... | 610.00 | -610.00 | 0.00 | 0.00 | 32,753.91 | BANK BY MAIL | 0.00 |
| | | | Check Received 610.00 | | | | | | | |
| | | | Check Received 610.00 | | | | | | | |
| | | | %% PartialPmt    0.00 to  609.54 | | | | | | | |
| 09/23/2025 | L 0090 | 09/23/2025 | Check Paym... | 1,220.00 | -1,220.00 | 0.00 | 0.00 | 33,363.91 | BANK BY MAIL | 0.00 |

Case 2:25-bk-14021-WB   Doc 36   Filed 04/15/26   Entered 04/15/26 08:01:24   Desc
Main Document   Page 8 of 38

Case 2:25-bk-14021-WB   Doc 34-1   Filed 04/13/26   Entered 04/13/26 16:33:55   Desc
Exhibit   Page 10 of 10



Dec/Jan

AGT 633629 LOC 000915 DT 033026 $1000.00 1THOUSANDDOLLARS AND
NO CENTS

Payable to

RETAIN THIS MONEY ORDER RECEIPT. IT MUST BE INCLUDED WITH ALL REFUND REQUESTS. BE SURE TO READ IMPORTANT
INFORMATION BELOW AND ON BACK. For your own records, it is recommended that you make a photocopy of the completed Money
Order before providing it to the receiver.
PURCHASE AGREEMENT: You the purchaser agree that Western Union Financial Services Inc. (WUFSI) need not stop payment
on, or replace, or refund a lost or stolen WUFSI Money Order unless (1) you fill in the face of the Money Order at the time of
purchase, and (2) you report the loss or theft to Western Union Financial Services Inc. in writing immediately, and (3) You provide
WUFSI with this original Money Order receipt issued by Western Union Financial Services Inc., Denver, Colorado. For customer
service, call 1-844-896-4263.

\* 2 2 1 2 1 8 3 4 5 7 5 \*

MONEY ORDER RECEIPT - NON NEGOTIABLE

2 months                                          Feb

AGT 633629 LOC 000915 DT 033026 $830.00 8HUNDRED30DOLLARS AND
NO CENTS

Payable to

RETAIN THIS MONEY ORDER RECEIPT. IT MUST BE INCLUDED WITH ALL REFUND REQUESTS. BE SURE TO READ IMPORTANT
INFORMATION BELOW AND ON BACK. For your own records, it is recommended that you make a photocopy of the completed Money
Order before providing it to the receiver.
PURCHASE AGREEMENT: You the purchaser agree that Western Union Financial Services Inc. (WUFSI) need not stop payment
on, or replace, or refund a lost or stolen WUFSI Money Order unless (1) you fill in the face of the Money Order at the time of
purchase, and (2) you report the loss or theft to Western Union Financial Services Inc. in writing immediately, and (3) You provide
WUFSI with this original Money Order receipt issued by Western Union Financial Services Inc., Denver, Colorado. For customer
service, call 1-844-896-4263.

\* 2 2 1 2 1 8 3 4 5 7 6 \*

MONEY ORDER RECEIPT - NON NEGOTIABLE

March - Car Payment
Partners

AGT 633629 LOC 000915 DT 033026 $610.00 6HUNDRED10DOLLARS AND
NO CENTS

Payable to

RETAIN THIS MONEY ORDER RECEIPT. IT MUST BE INCLUDED WITH ALL REFUND REQUESTS. BE SURE TO READ IMPORTANT
INFORMATION BELOW AND ON BACK. For your own records, it is recommended that you make a photocopy of the completed Money
Order before providing it to the receiver.
PURCHASE AGREEMENT: You the purchaser agree that Western Union Financial Services Inc. (WUFSI) need not stop payment
on, or replace, or refund a lost or stolen WUFSI Money Order unless (1) you fill in the face of the Money Order at the time of
purchase, and (2) you report the loss or theft to Western Union Financial Services Inc. in writing immediately, and (3) You provide
WUFSI with this original Money Order receipt issued by Western Union Financial Services Inc., Denver, Colorado. For customer
service, call 1-844-896-4263.

\* 2 2 1 1 9 4 0 8 4 1 7 \*

MONEY ORDER RECEIPT - NON NEGOTIABLE

April Payment

AGT 633629 LOC 000915 DT 041426 $610.00 6HUNDRED10DOLLARS AND
NO CENTS

Payable to

RETAIN THIS MONEY ORDER RECEIPT. IT MUST BE INCLUDED WITH ALL REFUND REQUESTS. BE SURE TO READ IMPORTANT
INFORMATION BELOW AND ON BACK. For your own records, it is recommended that you make a photocopy of the completed Money
Order before providing it to the receiver.
PURCHASE AGREEMENT: You the purchaser agree that Western Union Financial Services Inc. (WUFSI) need not stop payment
on, or replace, or refund a lost or stolen WUFSI Money Order unless (1) you fill in the face of the Money Order at the time of
purchase, and (2) you report the loss or theft to Western Union Financial Services Inc. in writing immediately, and (3) You provide
WUFSI with this original Money Order receipt issued by Western Union Financial Services Inc., Denver, Colorado. For customer
service, call 1-844-896-4263.

\* 2 2 1 1 9 4 0 8 5 0 1 \*

Missing #1 March, UPS shipped -$610
/Delivered on 4/10/26 -$610
Missing #2 April, UPS shipped -$610
(see tracking)

## 8218 LITTLE,WASHICA Loan 0090: 2019 BMW 5 SERIES Transaction Summary    04/01/2026

| Post Date | ID | Eff Date | Transaction | Trans Amt | Balance Chg | Int/Pnlty | Fees | New Balance | Description | Prev Available |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Check Received 830.00 | | | | | | | |
| | | | Check Received 1,000.00 | | | | | | | |
| | | | %% PartialPmt   607.70 to   608.32 | | | | | | | |
| 04/01/2026 | L 0090 | 04/01/2026 | Check Paym... | 1,830.00 | -1,830.00 | 0.00 | 0.00 | 29,093.91 | BANK BY MAIL | 0.00 |
| 02/05/2026 | L 0090 | 02/05/2026 | %% PartialPmt   607.24 to   607.70 | | | | | | | |
| | | | RTN ITEM 2/2/26 NSF | | | | | | | |
| 02/05/2026 | L 0090 | 02/05/2026 | Payment Adj... | -610.00 | 610.00 | 0.00 | 0.00 | 30,923.91 | | 0.00 |
| | | | Check Received 610.00 | | | | | | | |
| | | | %% Check hold release 02/04/26   335.00 | | | | | | | |
| | | | %% PartialPmt   607.70 to   607.24 | | | | | | | |
| 02/02/2026 | L 0090 | 02/02/2026 | Check Paym... | 610.00 | -610.00 | 0.00 | 0.00 | 30,313.91 | BANK BY MAIL | 0.00 |
| | | | Check Received 1,220.00 | | | | | | | |
| | | | %% PartialPmt   608.62 to   607.70 | | | | | | | |
| 11/18/2025 | L 0090 | [11/14/2025] | Check Paym... | 1,220.00 | -1,220.00 | 0.00 | 0.00 | 30,923.91 | BANK BY MAIL | 0.00 |
| | | | Check Received 2,440.00 | | | | | | | |
| | | | %% PartialPmt     0.00 to   608.62 | | | | | | | |
| 11/03/2025 | L 0090 | 11/03/2025 | Check Paym... | 2,440.00 | -2,440.00 | 0.00 | 0.00 | 32,143.91 | | 0.00 |
| 10/09/2025 | L 0090 | [02/27/2025] | %% PartialPmt   610.00 to     0.00 | | | | | | | |
| | | | RETURNED ITEM 10/6 NSF | | | | | | | |
| 10/09/2025 | L 0090 | [02/27/2025] | Payment Adj... | -610.00 | 610.00 | 0.00 | 0.00 | 34,583.91 | | 0.00 |
| 10/09/2025 | L 0090 | [10/06/2025] | %% PartialPmt   609.54 to   610.00 | | | | | | | |
| | | | RETURNED ITEM 10/6 NSF | | | | | | | |
| 10/09/2025 | L 0090 | [10/06/2025] | Payment Adj... | -610.00 | 610.00 | 0.00 | 0.00 | 33,973.91 | | 0.00 |
| | | | Check Received 610.00 | | | | | | | |
| | | | %% PartialPmt   610.00 to   609.54 | | | | | | | |
| 10/06/2025 | L 0090 | 10/06/2025 | Check Paym... | 610.00 | -610.00 | 0.00 | 0.00 | 33,363.91 | BANK BY MAIL | 0.00 |
| | | | Check Received 610.00 | | | | | | | |
| | | | %% PartialPmt     0.00 to   610.00 | | | | | | | |
| 10/06/2025 | L 0090 | 10/06/2025 | Check Paym... | 610.00 | -610.00 | 0.00 | 0.00 | 33,973.91 | BANK BY MAIL | 0.00 |
| 09/26/2025 | L 0090 | [02/27/2025] | %% PartialPmt   610.00 to     0.00 | | | | | | | |
| | | | RETURNED ITEM 9/23 REFER TO MAKER | | | | | | | |
| 09/26/2025 | L 0080 | [02/27/2025] | Payment Adj... | -610.00 | 610.00 | 0.00 | 0.00 | 34,583.91 | | 0.00 |
| 09/26/2025 | L 0090 | [09/23/2025] | %% PartialPmt   609.08 to   610.00 | | | | | | | |
| | | | RETURNED ITEM 9/23 REFER TO MAKER | | | | | | | |
| 09/26/2025 | L 0090 | [09/23/2025] | Payment Adj... | -1,220.00 | 1,220.00 | 0.00 | 0.00 | 33,973.91 | | 0.00 |
| | | | Check Received 610.00 | | | | | | | |
| | | | %% PartialPmt   609.54 to   609.08 | | | | | | | |
| 09/23/2025 | L 0090 | 09/23/2025 | Check Paym... | 610.00 | -610.00 | 0.00 | 0.00 | 32,753.91 | BANK BY MAIL | 0.00 |
| | | | Check Received 610.00 | | | | | | | |
| | | | Check Received 610.00 | | | | | | | |
| | | | %% PartialPmt     0.00 to   609.54 | | | | | | | |
| 09/23/2025 | L 0090 | 09/23/2025 | Check Paym... | 1,220.00 | -1,220.00 | 0.00 | 0.00 | 33,363.91 | BANK BY MAIL | 0.00 |

     ≡

**Your shipment**
1ZC761H40322535081 ((•)) RFID

● Delivered On
# Friday, April 10 at 10:01 A.M. at Mail Room

**Delivered To**
ORLANDO, FL US

**Received By:**
PEARMAN

Proof of Delivery ›

**Label Created**
United States
04/08/2026, 12:46 P.M.

**Dropped off at The UPS Store by Customer**
Stafford, TX, United States
04/08/2026, 5:51 P.M.

**We Have Your Package**
Stafford, TX, United States
04/08/2026, 6:13 P.M.



Case 2:25-bk-14021-WB    Doc 36    Filed 04/15/26    Entered 04/15/26 08:01:24    Desc
Main Document      Page 13 of 38

# EXHIBIT 2

| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address<br>Marc Aaron Goldbach (SBN 139318)<br>Goldbach Law Group<br>111 W. Ocean Blvd., Suite 400<br>Long Beach, CA 90802<br>562-696-0582<br>888-771-5425<br>marc.goldbach@goldbachlaw.com | FOR COURT USE ONLY |
|---|---|

☐ *Debtor appearing without attorney*
☒ *Attorney for Debtor*

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA -  LOS ANGELES DIVISION

| List all names (including trade names) used by Debtor within the last 8 years.<br><br>In re:<br><br>Washica Little<br><br><br><br>Debtor(s). | CASE NUMBER: 2:25-bk-14021-WB<br>CHAPTER 13 |
|---|---|

| | **CHAPTER 13 PLAN**<br>☒ Original<br>☐ 1st Amended*<br>☐ 2nd Amended*<br>☐ ___ Amended*<br>*list below which sections have been changed:<br><br><br>[FRBP 3015(b); LBR 3015-1] |

**11 U.S.C. SECTION 341(a) CREDITORS' MEETING:**
**Date:** 06/26/2025
**Time:** 10:00 am
**Address:** Zoom video meeting.  Go to Zoo.us/join, Enter Meeting ID 977 186 7693, and Passcode 5144688925, OR call 1 213 259 2397

**PLAN CONFIRMATION HEARING: [LBR 3015-1(d)]**
**Date:** 08/06/2025
**Time:** 10:00 am
**Address:**
255 E. Temple Street, Courtroom 1375, Los Angeles, CA 90012

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
*"FRBP" refers to the Federal Rules of Bankruptcy Procedure.  "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## Part 1: PRELIMINARY INFORMATION

**TO DEBTOR (the term "Debtor" includes and refers to both spouses as Debtors in a joint bankruptcy case):** This Chapter 13 Plan (Plan) sets out options that may be appropriate in some cases, but the presence of an option in this Plan does not indicate that the option is appropriate, or permissible, in your situation. A Plan that does not comply with local rules and judicial rulings may not be confirmable. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

**TO ALL CREDITORS:** This Plan is proposed by Debtor and your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

***PLEASE NOTE THAT THE PROVISIONS OF THIS PLAN MAY BE MODIFIED BY ORDER OF THE COURT.***

If you oppose this Plan's treatment of your claim or any provision of this Plan, you or your attorney must file a written objection to confirmation of the Plan at least 14 days before the date set for the hearing on confirmation. However, the amounts listed on a proof of claim for an allowed secured or priority claim control over any contrary amounts listed in the Plan. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. *See* FRBP 3015. In addition, you must file a timely proof of claim in order to be paid under any plan. *See* LBR 3015-1 and FRBP 3002(a).

Defaults will be cured using the interest rate set forth below in the Plan.

**The following matters may be of particular importance to you:**

*Debtor must check one box on each line to state whether or not this Plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or neither box is checked, the item will be ineffective if set out later as a provision in this Plan.*

1.1  **Valuation of property and avoidance of a lien on property of the bankruptcy estate, set out in Class 3B and/or Section IV (11 U.S.C. § 506(a) and (d)):**
☐ Included    ☒ Not included

1.2  **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section IV (11 U.S.C. § 522(f)):**
☐ Included    ☒ Not included

1.3  **Less than full payment of a domestic support obligation that has been assigned to a governmental unit, pursuant to 11 U.S.C. §1322(a)(4). This provision requires that payments in Part 2 Section I.A. be for a term of 60 months:**
☐ Included    ☒ Not included

1.4  **Other Nonstandard Plan provisions, set out in Section IV:**
☒ Included    ☐ Not included

**ALL CREDITORS ARE REQUIRED TO FILE A PROOF OF CLAIM IN ORDER TO HAVE AN ALLOWED CLAIM, EXCEPT AS PROVIDED IN FRBP 3002(a).** A Debtor whose Plan is confirmed may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

Regardless of whether this Plan treats a claim as secured or unsecured, any lien securing such claim is not avoided other than as provided by law or order of the court.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                    Page 2                          **F 3015-1.01.CHAPTER13.PLAN**

## Part 2: PLAN TERMS

Debtor proposes the following Plan terms and makes the following declarations:

### Section I. PLAN PAYMENT AND LENGTH OF PLAN

A.  Monthly Plan Payments will begin 30 days from the date the bankruptcy petition was filed.  If the payment due date falls on the 29th, 30th, or 31st day of the month, payment is due on the 1st day of the following month (LBR 3015-1(k)(1)(A)).

Payments by Debtor of:

$ 176.92_____ per month for months 1 through _60_ totaling $_10,614.93_____.

$_____ per month for months ____ through ____ totaling $_____.

$_____ per month for months ____ through ____ totaling $_____.

$_____ per month for months ____ through ____ totaling $_____.

For a total plan length of _60_ months totaling $_10,614.93_____.

B.  Nonpriority unsecured claims.

The total amount of estimated non-priority unsecured claims is $_95,081.00_____.

1.  Unless otherwise ordered by the court, after Class 1 through Class 4 creditors are paid, allowed nonpriority unsecured claims that are not separately classified (Class 5) will be paid *pro rata* per the option checked below. If both options below are checked, the option providing the largest payment will be effective.

a.  ☒ **"Percentage" plan:** _2.00_ % of the total amount of these claims, for an estimated total payment of $_1,500.00_____.

b.  ☐ **"Residual" plan:** The remaining funds, after disbursements have been made to all other creditors provided for in this Plan, estimated to pay a total of $ _1,500.00_____ and _2.00_ % to claims in Class 5. The amount distributed to Class 5 claims may be less than the amount specified here depending on the amount of secured and priority claims allowed.

2.  Minimum Plan payments.  Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least the greater of the following amounts:

a.  the sum of $_____, representing the liquidation value of the estate in a hypothetical Chapter 7 case under 11 U.S.C. § 1325(a)(4), or

b.  if Debtor has above-median income and otherwise subject to 11 U.S.C. § 1325(b), the sum of $_____, representing all disposable income payable for 60 months under the means test.

C.  Income tax refunds.  Debtor will provide the Chapter 13 Trustee with a copy of each income tax return filed during the Plan term within 14 days of filing the return and, unless the Plan provides 100% payment to nonpriority unsecured creditors (Class 5), will turn over to the Chapter 13 Trustee all federal and state income tax refunds received for the term of the plan. The Debtor may retain a total of $500 of the sum of the federal and state tax refunds for each tax year. Income tax refunds received by the debtor and turned over to the Chapter 13 Trustee or directly turned over to the Chapter 13 Trustee by the taxing authorities do not decrease the total amount of payments stated in Section I.A., above. The refunds are pledged to the plan in addition to the amounts stated in Section I.A. and can be used by the Chapter 13 Trustee to increase the percentage paid to general unsecured creditors without further order of the Bankruptcy Court.

D.  In the event that secured creditor(s) file a Notice of Postpetition Fees and Costs pursuant to FRBP 3002.1(c), the Chapter 13 Trustee is authorized, but not required, to commence paying those charges 90 days after that notice is filed, unless within that time the Debtor contests those charges by filing a motion to determine payment under FRBP 3002.1(e) or agrees to pay those charges by filing a motion to modify this Plan.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                      Page 3                          **F 3015-1.01.CHAPTER13.PLAN**

E.   Debtor must make preconfirmation adequate protection payments for any creditor that holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in this Plan. Debtor must make preconfirmation adequate protection payments and preconfirmation lease payments to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Each adequate protection payment or preconfirmation lease payment will accrue beginning the 30th day from the date of filing of the case. The Chapter 13 Trustee must deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured creditor(s) at the next disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will collect his or her statutory fee on all receipts made for preconfirmation adequate protection payments or preconfirmation lease payments.

F.   Debtor must not incur debt greater than $1,000 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

G.   The Chapter 13 Trustee is authorized to disburse funds after the date Plan confirmation is announced in open court.

H.   Debtor must file timely all postpetition tax returns and pay timely all postconfirmation tax liabilities directly to the appropriate taxing authorities.

I.   Debtor must pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the bankruptcy petition.

J.   If the Plan proposes to avoid a lien of a creditor, the Chapter 13 Trustee must not disburse any payments to that creditor on that lien until the Plan confirmation order is entered.

K.   Debtor must pay all required ongoing property taxes and insurance premiums for all real and personal property that secures claims paid under the Plan.

## Section II. ORDER OF PAYMENT OF CLAIMS; CLASSIFICATION AND TREATMENT OF CLAIMS:

Except as otherwise provided in this Plan, the Chapter 13 Trustee must disburse all available funds for the payment of claims as follows:

**A.   ORDER OF PAYMENT OF CLAIMS:**

**1st**   If there are Domestic Support Obligations, the order of priority will be:

   (a)  Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on Plan Payments made to date;

   (b)  Administrative expenses (Class 1(a)) until paid in full;

If there are no Domestic Support Obligations, the order of priority will be:

   (a)  The Chapter 13 Trustee's fee not exceeding the amount accrued on Plan Payments made to date;

   (b)  Administrative expenses (Class 1(a)) until paid in full.

**2nd**   Subject to the 1st paragraph, *pro rata* to all secured claims and all priority unsecured claims until paid in full except as otherwise provided in this Plan.

**3rd**   Non-priority unsecured creditors will be paid *pro rata* except as otherwise provided in this Plan. No payment will be made on nonpriority unsecured claims until all the above administrative, secured and priority claims have been paid in full unless otherwise provided in this Plan.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

B.   **CLASSIFICATION AND TREATMENT OF CLAIMS:**

### CLASS 1

#### ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507

Class 1 claims will be paid in full pro rata.  Any treatment that proposes to pay claims in Class 1(a) or 1(b) less than in full must be agreed to in writing by the holder of each such claim and specifically addressed in Section IV.D.

Unless otherwise ordered by the court, the claim amount stated on a proof of claim, and the dollar amount of any allowed administrative expense, controls over any contrary amount listed below.

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | TOTAL PAYMENT |
|---|---|---|---|
| a.   Administrative Expenses | | | |
| (1)   Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | |
| (2)   Attorney's Fees | $ 4,463.00 | | $ 4,463.00 |
| (3)   Chapter 7 Trustee's Fees | | | |
| (4)   Other | | | |
| (5)   Other | | | |
| b.   Other Priority Claims | | | |
| (1)   Internal Revenue Service | | 0.00% | |
| (2)   Franchise Tax Board | | 0.00% | |
| (3)   Domestic Support Obligation | | 0.00% | |
| (4)   Other | | 0.00% | |
| c.   Domestic Support Obligations that have been assigned to a governmental unit and are not to be paid in full in the Plan pursuant to 11 U.S.C. §1322(a)(4) (this provision requires that payments in Part 2 Section I.A. be for a term of 60 months) *(specify creditor name)*: | | | |
| | | 0.00% | 0.00% |
| | | 0.00% | 0.00% |

☐  See attachment for additional claims in Class 1.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                   Page 5                          **F 3015-1.01.CHAPTER13.PLAN**

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS DEBTOR'S PRINCIPAL RESIDENCE
### ON WHICH OBLIGATION MATURES <u>AFTER</u> THE FINAL PLAN PAYMENT IS DUE

*Check one.*

☒ None. *If "None" is checked, the rest of this form for Class 2 need not be completed.*

☐ Debtor will maintain and make the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. Unless otherwise ordered by the court, these payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure the prepetition arrearages, if any, on a listed claim through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated.

The arrearage amount stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | POST-PETITION PAYMENT DISBURSING AGENT |
|---|---|---|---|---|---|---|
|  |  |  | 0.00% |  |  | ☐ Trustee<br>☐ Debtor |
|  |  |  | 0.00% |  |  | ☐ Trustee<br>☐ Debtor |
|  |  |  | 0.00% |  |  | ☐ Trustee<br>☐ Debtor |

☐ See attachment for additional claims in Class 2.

## CLASS 3A

### UNIMPAIRED CLAIMS TO BE PAID DIRECTLY BY DEBTOR
*Check one.*

☒ **None.** *If "None" is checked, the rest of this form for Class 3A need not be completed.*

☐ Debtor will make regular payments, including any preconfirmation payments, directly to the following creditors in accordance with the terms of the applicable contract (Include Creditor Name and Last 4 Digits of Account Number):

_____

_____

_____

The claims of these creditors are unimpaired under the plan.

☐ See attachment for additional claims in Class 3A.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## CLASS 3B

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE TO BE BIFURCATED AND PAID IN FULL DURING THE TERM OF THIS PLAN.

*Check one.*

☒  **None.** *If "None" is checked, the rest of this form for Class 3B need not be completed.*

☐  Debtor proposes:

**Bifurcation of Claims - Dollar amounts/lien avoidance**. Except as provided below regarding bifurcation of claims into a secured part and an unsecured part, the claim amounts listed on a proof of claim control this Plan over any contrary amounts listed below.

(a)  Bifurcated claims - secured parts: Debtor proposes that, for the purposes of distributions under this Plan, the dollar amount of secured claims in this Class 3B should be as set forth in the column headed "Secured Claim Amount." For that dollar amount to be binding on the affected parties, either

  (i)  Debtor must obtain a court order granting a motion fixing the dollar amount of the secured claim and/or avoiding the lien, or

  (ii)  Debtor must complete and comply with Part 2 Section IV.C., so that the Plan itself serves as such a motion; the "Included" boxes must be checked in Part 1 Paragraphs 1.1 and/or 1.2 (indicating that this Plan includes valuation and lien avoidance, and/or avoidance of a judicial lien or nonpossessory, nonpurchase-money lien in Section IV.C.); and this Plan must be confirmed - if any one of those conditions is not satisfied, then the claim will not be bifurcated into a secured part and an unsecured part pursuant to this sub-paragraph.

(b)  Bifurcated claims - unsecured parts: Any allowed claim that exceeds the amount of the secured claim will be treated as a nonpriority unsecured claim in Class 5 below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
|  |  |  |  | 0.00% |  |  |
|  |  |  |  | 0.00% |  |  |

☐  See attachment for additional claims in Class 3B.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## CLASS 3C

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE TO BE PAID IN FULL DURING THE TERM OF THIS PLAN (WITHOUT BIFURCATION), INCLUDING CURE OF ARREARS, IF APPLICABLE.

*Check all that apply.*

☐ **None.** *If "None" is checked, the rest of this form for Class 3C need not be completed.*

☐ Debtor proposes to treat the claims listed below as fully secured claims on the terms set forth below. These claims will not be bifurcated. The claim amounts listed on a proof of claim control this Plan over any contrary amounts listed below.

#### IMPAIRED CLAIMS PAID THROUGH THE PLAN BY THE TRUSTEE

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|
|  |  |  | 0.00% |  |  |

#### CURE AND MAINTAIN CLAIMS

☐ Debtor will maintain and make the current contractual installment payments (Ongoing Payments) on the secured claims listed below pursuant to the terms of the applicable contract, except as stated otherwise in this Plan. These payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure and pay the prepetition arrearages, if any, on a claim listed below through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated. The dollar amount of arrearage stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | Cure of Default | | | | ONGOING PAYMENT DISBURSING AGENT |
|---|---|---|---|---|---|---|
|  |  | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS |  |
|  |  |  | 0.00% |  |  | ☐ Trustee ☐ Debtor |

☐ See attachment for additional claims in Class 3C.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## CLASS 3D

### SECURED CLAIMS EXCLUDED FROM 11 U.S.C. §506

*Check one.*

☒ **None.** *If "None" is checked, the rest of this form for Class 3D need not be completed.*

☐ The claims listed below were either:

1. Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor, or

2. Incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under this Plan with interest at the rate stated below.  The claim amount stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|
|  |  |  | 0.00% |  |  |
|  |  |  | 0.00% |  |  |
|  |  |  | 0.00% |  |  |

☐ See attachment for additional claims in Class 3D.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## CLASS 4

### OTHER CLAIMS ON WHICH THE LAST PAYMENT ON A CLAIM IS DUE AFTER THE DATE ON WHICH THE FINAL PLAN PAYMENT IS DUE, WHICH ARE PROVIDED FOR UNDER 11 U.S.C. §1322(b)(5)

*Check one.*

☐ None. *If "None" is checked, the rest of this form for Class 4 need not be completed.*

☒ Debtor will maintain and make the current contractual installment payments (Ongoing Payments) on the secured claims listed below pursuant to the terms of the applicable contract, except as stated otherwise in this Plan. These payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure and pay the prepetition arrearages, if any, on a claim listed below through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated. The dollar amount of arrearage stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | Cure of Default | | | | ONGOING PAYMENT DISBURSING AGENT |
| | | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | |
| Partners Federal Credit Union | 3953 | $3,600.00 | 0.00% | $ 60.00 | $3,600.00 | ☐ Trustee ☒ Debtor |
| | | | 0.00% | | | ☐ Trustee ☐ Debtor |
| | | | 0.00% | | | ☐ Trustee ☐ Debtor |

☐ See attachment for additional claims in Class 4.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## CLASS 5A

### NON-PRIORITY UNSECURED CLAIMS NOT SEPARATELY CLASSIFIED

Allowed nonpriority unsecured claims not separately classified must be paid pursuant to Section I.B. above.

### SEPARATE CLASSIFICATION:

*Check all that apply if Debtor proposes any separate classification of nonpriority unsecured claims.*

☒    **None.** *If "None" is checked, the rest of this form for Class 5 need not be completed.*

## CLASS 5B

☐    **Maintenance of payments.** Debtor will maintain and make the contractual installment payments on the unsecured claims listed below on which the last payment is due after the final Plan payment. The contractual installment payments will be disbursed by Debtor.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|
|  |  | 0.00% |  |  |
|  |  | 0.00% |  |  |

## CLASS 5C

☐    **Other separately classified nonpriority unsecured claims.**

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT TO BE PAID ON THE CLAIM | INTEREST RATE | ESTIMATED TOTAL AMOUNT OF PAYMENTS |
|---|---|---|---|---|
|  |  |  | 0.00% |  |
|  |  |  | 0.00% |  |

☐    See attachment for additional claims in Class 5.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## CLASS 6

### SURRENDER OF COLLATERAL

*Check one.*

☒ **None.** *If "None" is checked, the rest of this form for Class 6 need not be completed.*

☐ Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. Debtor requests that upon confirmation of the Plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Class 5 above.

| Creditor Name: | Description: |
|---|---|
|  |  |
|  |  |

☐ See attachment for additional claims in Class 6.

## CLASS 7

### EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Any executory contracts or unexpired leases not listed below are deemed rejected.

*Check one.*

☒    **None.** *If "None" is checked, the rest of this form for Class 7 need not be completed.*

☐    The executory contracts and unexpired leases listed below are treated as specified (*identify the contract or lease at issue and the other party(ies) to the contract or lease*):

Creditor Name: _____

Description: _____
            ☐ **Rejected**           ☒ **Assumed; cure amount (if any): $_____,
                                         to be paid over _____ months**

Creditor Name: _____

Description: _____
            ☐ **Rejected**           ☐ **Assumed; cure amount (if any): $_____,
                                         to be paid over _____ months**

**Payments to be cured within _____ months of filing of the bankruptcy petition. All cure payments will be made through disbursements by the Chapter 13 Trustee.**

☐ See attachment for additional claims in Class 7.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## Section III.  PLAN SUMMARY

| | |
|---|---|
| CLASS 1a | $ 4,463.00 |
| CLASS 1b | $ 0.00 |
| CLASS 1c | $ 0.00 |
| CLASS 2 | $ 0.00 |
| CLASS 3B | $ 0.00 |
| CLASS 3C | $ 0.00 |
| CLASS 3D | $ 0.00 |
| CLASS 4 | $ 3,600.00 |
| CLASS 5A | $ 1,500.00 |
| CLASS 5C | $ 0.00 |
| CLASS 7 | $ 0.00 |
| SUB-TOTAL | $ 9,563.00 |
| CHAPTER 13 TRUSTEE'S FEE (Estimated 11% unless advised otherwise) | $ 1,051.93 |
| TOTAL PAYMENT | $ 10,614.93 |

## Section IV.  NON-STANDARD PLAN PROVISIONS

☐ **None.**  *If "None" is checked, the rest of Section IV need not be completed.*

**Pursuant to FRBP 3015(c), Debtor must set forth all nonstandard Plan provisions in this Plan in this separate Section IV of this Plan and must check off the "Included" box or boxes in Paragraphs 1.1, 1.2, 1.3 and/or 1.4 of Part 1 of this Plan.  Any nonstandard Plan provision that does not comply with these requirements is <u>ineffective</u>.**  A nonstandard Plan provision means any Plan provision not otherwise included in this mandatory Chapter 13 Plan form, or any Plan provision deviating from this form.

**The nonstandard Plan provisions seeking modification of liens and security interests address only those liens and security interests known to Debtor, and known to be subject to avoidance, and all rights are reserved as to any matters not currently known to Debtor.**

☐ A.  <u>Debtor's Intent to File Separate Motion to Value Property Subject to Creditor's Lien or Avoid Creditor's Lien [11 U.S.C. § 506(a) and (d)]</u>.  Debtor will file motion(s) to value real or personal property of the bankruptcy estate and/or to avoid a lien pursuant to 11 U.S.C § 506(a) and (d), as specified in **Attachment A**.

☐ B.  <u>Debtor's Intent to File Separate Motion to Avoid Creditor's Judicial Lien or Nonpossessory, Nonpurchase Security Interest [11 U.S.C. § 522(f)]</u>.  Debtor will file a Motion to avoid a judicial lien or nonpossessory, nonpurchase-money security interest, on real or personal property of the bankruptcy estate listed below pursuant to 11 U.S.C § 522(f).  If the court enters an order avoiding a lien under 11 U.S.C. § 522(f), the Chapter 13 Trustee will not pay any claim filed based on that lien as a secured claim.

**Name of Creditor Lienholder/Servicer:** _____

**Description of lien and collateral (*e.g.*, 2nd lien on 123 Main St.):** _____

_____

**Name of Creditor Lienholder/Servicer:** _____

**Description of lien and collateral (*e.g.*, 2nd lien on 123 Main St.):** _____

_____

☐ See attachment for any additional liens and security interests to be avoided by separate 11 U.S.C. § 522(f) motion.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

☐ C. <u>Debtor's Request in this Plan to Modify Creditor's Secured Claim and Lien</u>. Debtor proposes to modify the following secured claims and liens in this Plan <u>without</u> a separate motion or adversary proceeding - this Plan will serve as the motion to value the collateral and/or avoid the liens as proposed below. **To use this option, Debtor must serve this Plan, LBR Form F 3015-1.02.NOTICE.341.LIEN.CONFRM and all related exhibits as instructed in that form. Note: Not all Judges will grant motions to value and/or avoid liens through this Plan. Please consult the specific Judge's Instructions/Procedures on the court's website for more information.**

---

### DEBTOR'S REQUEST TO MODIFY CREDITOR'S SECURED CLAIM AND LIEN

**TO CREDITOR LIENHOLDER/SERVICER** _____

_____

   ☐   Real property collateral (street address and/or legal description or document recording number, including county of recording):

           _____

           *(attach page with legal description of property or document recording number as appropriate).*

   ☐   Other collateral (*add description such as judgment date, date and place of lien recording, book and page number*):

           _____

   ☐   11 U.S.C. § 522(f) – Debtor seeks avoidance of your lien(s) on the above described collateral effective immediately upon issuance of the order confirming this Plan.

   ☐   11 U.S.C. § 506(a) and (d) – Debtor seeks avoidance of your lien(s) on the above described collateral that will be effective upon the earliest to occur of either payment of the underlying debt determined under nonbankruptcy law or one of the following:

(*check all that apply and see* LBR Form F 4003-2.4.ORDER.AFTERDISCH):

   ☐   (1)  discharge under 11 U.S.C. § 1328, or

   ☐   (2)  Upon completion of all Plan payments.

Value of collateral: ...............................................................................$_____

Liens reducing equity (to which subject lien can attach):

         $_____ + $_____ + $_____ = $_____)

Exemption (only applicable for lien avoidance under 11 U.S.C. § 522(f)): ...............($_____)

**Wherefore, Debtor requests that this court issue an order granting the foregoing property valuation and/or lien avoidance of the above-listed creditor on the above-described collateral in the form Attachment B, C and/or D to this Plan, as applicable. (*Debtor must use and attach a separate Attachment B, C and/or D which are also mandatory court forms for modification of each secured claim and lien.*)**

Amount of remaining secured claim (negative results should be listed as $-0-): ..........$_____

*Note:* See other parts of this Plan for the proposed treatment of any remaining secured claim (generally Class 3).

---

☐ See attachment(s) for additional request(s) to modify secured claims and liens by this Plan.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

☒  **D.  Other Non-Standard Plan Provisions (*use attachment, if necessary*):**

payroll deduction order may be issued when the debtor(s) is delinquent by two plan payments. No further declaration or order is required. If the Chapter 13 Trustee issues a payroll deduction order to the debtor's(s') employer(s) and the amount set forth in the payroll deduction order is insufficient to pay the total amount of each plan payment as it comes due during the plan term, the debtor(s) shall pay any shortfall to the Chapter 13 Trustee's payment address on a timely basis.

## V. REVESTING OF PROPERTY

Property of the bankruptcy estate will not revest in Debtor until a discharge is granted or the case is dismissed or closed without discharge.  Revesting will be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate will vest in accordance with applicable law. After confirmation of this Plan, the Chapter 13 Trustee will not have any further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the LBRs.  Prior to any discharge or dismissal, Debtor must seek approval of the court to purchase, sell, or refinance real property.

**By filing this document, the Attorney for Debtor, or Debtor if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Plan are identical to those contained in the Central District of California Chapter 13 Plan other than any nonstandard Plan provisions included in Section IV.**

Date: 05/15/2025

/s/ Marc Aaron Goldbach
_____
Attorney for Debtor


_____
Debtor 1


_____
Debtor 2

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# ATTACHMENT A to Chapter 13 Plan/Confirmation Order
## (11 U.S.C. §§ 506: valuation/lien avoidance by separate motion(s))

☒ **None.** *If "None" is checked, the rest of this Attachment A need not be completed.*

**1. Creditor Lienholder/Servicer:** _____.
    **Subject Lien** (*e.g.,* 2nd Lien on 123 Main St.): _____
_____.

**2. Creditor Lienholder/Servicer:** _____.
    **Subject Lien** (*e.g.,* 3rd Lien on 123 Main St.): _____
_____.

**3. Creditor Lienholder/Servicer:** _____.
    **Subject Lien** (*e.g.,* 4th Lien on 123 Main St.): _____
_____.

**4. Creditor Lienholder/Servicer:** _____.
    **Subject Lien** (*e.g.,* 2nd Lien on 456 Broadway): _____
_____.

**5. Creditor Lienholder/Servicer:** _____.
    **Subject Lien** (*e.g.,* 3rd Lien on 456 Broadway): _____
_____.

**6. Creditor Lienholder/Servicer:** _____.
    **Subject Lien** (*e.g.,* 4th Lien on 456 Broadway): _____
_____.

**7. Creditor Lienholder/Servicer:** _____.
    **Subject Lien** (*e.g.,* 2nd Lien on 789 Crest Ave.): _____
_____.

**8. Creditor Lienholder/Servicer:** _____.
    **Subject Lien** (*e.g.,* 3rd Lien on 789 Crest Ave.): _____
_____.

**9. Creditor Lienholder/Servicer:** _____.
    **Subject Lien** (*e.g.,* 4th Lien on 789 Crest Ave.): _____
_____.

*(Attach additional pages for more liens/provisions.)*

**CERTIFICATION:** I have prepared this attachment (including any additional pages) for use by the Chapter 13 Trustee. I certify under penalty of perjury under the laws of the United States of America that the information provided in this attachment is accurate to the best of my knowledge after reasonable inquiry, and I acknowledge that the Chapter 13 Trustee has no duty to verify the accuracy of that information.

Executed on (*date*) _____

*Printed Name* _____    *Signature:* _____

☐ Attorney for Debtor or  ☐ Debtor appearing without attorney

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# EXHIBIT 3

Case 2:25-bk-14021-WB    Doc 36    Filed 04/15/26    Entered 04/15/26 08:01:24    Desc
Main Document    Page 31 of 38

**tfsbillpay.com**

**Account**

# Personal Information

# Payment Schedule

# Billing Information

# Trustee Information



## Payment Schedule

# Monthly / On a particular day
# Payment Amount

## $176.92

# Next Payment Due Date

## Edit Info

## ⊗ Stop All Payments

 **Only edit this information if your payment amount has officially changed.**

Case 2:25-bk-14021-WB    Doc 36    Filed 04/15/26    Entered 04/15/26 08:01:24    Desc
Main Document      Page 33 of 38



tfsbillpay.com



Dashboard ≡

**All Transactions**    ← Back to Dashboard

🖨

**Name**
Washica Little

**Address**
1146 N Central Ave
#219, Glendale, CA,
91202

**Completed Transactions**
8

**Paid via TFS**
$1,763.36

| Date Started | Description | Case Number | Date Cleared | Date Arrived |
|---|---|---|---|---|
| April 03, 2026 | Automatic Payment | 25-14021 | April 09, 2026 | April 1( 2026 |
| March 17, 2026 | Automatic Payment | 25-14021 | March 23, 2026 | March : 2026 |

Regards,
Dr. Shica
404.579.3753

On Apr 14, 2026, at 10:11 PM, Marc Goldbach <marc.goldbach@goldbachlaw.com> wrote:

[Quoted text hidden]

---

**Marc Goldbach** <marc.goldbach@goldbachlaw.com>        Tue, Apr 14, 2026 at 8:28 PM
To: "Dr. Shica" <dr.shica@gmail.com>

please sign this declaration and return signature page to us asap so we can file with court.

On Tue, Apr 14, 2026 at 7:42 PM Dr. Shica <dr.shica@gmail.com> wrote:
[Quoted text hidden]
Proof of mailing for missing payment #1

Proof of Mailing for Missing Payment #2

Regards,
Washica Little
404.579.3753
[Quoted text hidden]

---

📄 **Washica Little Decl in Supp of Response to MFRS.docx**
25K

# EXHIBIT 4

## M Gmail

Marc Goldbach <marc.goldbach@goldbachlaw.com>

**Proof of Current Car Insurance**
1 message

Dr. Shica <dr.shica@gmail.com>                                                                Tue, Ap
To: Marc Goldbach <marc.goldbach@goldbachlaw.com>

---

**GEICO**
1-800-841-3000

GEICO VOYAGER CORP
PO Box 509090
San Diego, CA 92150-9090

NAIC
27863

Texas Liability Insurance Card

| Policy Number | Effective Date | Expiration Date |
|---|---|---|
| 6235445381 | 12/06/2025 | 06/06/2026 |

| Insured | WASHICA LITTLE<br>MICHAEL F LITTLE<br>11111 Nexus Ave Apt 5101<br>Stafford TX 77477 | View All Listed Drivers |
|---|---|---|

| VIN | WBAJA5C55KWW33953 | |
|---|---|---|

| Year | Make | Model |
|---|---|---|
| 2019 | BMW | 5 Series |

This policy provides at least the minimum amounts of liability insurance
required by the Texas Motor Vehicle Safety Responsibility Act for the specified
vehicles and named insureds and may provide coverage for other persons and
other vehicles as provided by the insurance policy.

# ID Card

Insurance ID card proves that you have a valid policy for the vehicle. Select "Share ( Print ID Card (PDF)" to download, email,



**Current**      Upcoming



## Auto Policy Number
**6235445381**

## Policy Period
**12/06/2025 - 06/06/2026**

## View Digital ID Card

## Often used for:

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
111 W. Ocean Blvd., Suite 400, Long Beach, CA 90802

A true and correct copy of the foregoing document entitled: **RESPONSE TO MOTION REGARDING THE AUTOMATIC STAY AND DECLARATION(S) IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _04/15/2026_ , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.
Hon. Julia W. Brand
U.S. Bankruptcy Court
255 E. Temple Street, Suite 1382
L.A., CA 90012

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| _04/15/2026_ | Marc Aaron Goldbach | /s/ Marc Aaron Goldbach |
| *Date* | *Printed Name* | *Signature* |

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Label Matrix for local noticing
0973-2
Case 2:25-bk-14021-WB
Central District of California
Los Angeles
Thu May 15 07:52:26 PDT 2025

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

DPT ED AIDV
PO BOX 300001
Greenville, TX 75403-3001

First Premier
3820 N Louise Avenue
Sioux Falls, SD 57107-0145

Harris and Harris
PO Box 186
Chicago, IL 60690-0186

Jefferson Capital Systems LLC
200 14th Avenue East
Sartell, MN 56377-4500

LVNV Funding LLC
P.O. Box 1269
Greenville, SC 29602-1269

MOHELA SERV CN
633 Sprint Drive
Chesterfield, MO 63005-1243

Midland Credit Management Inc.
320 East Big Beaver
Suite 300
Troy, MI 48083-1271

Partners Federal Credit Union
13705 International Drive South
Orlando, FL 32821-5411

Partners Federal Credit Union
2190 Towne Centre
Anaheim, CA 92806-6128

The CBE Group, Inc.
131 Tower Park Drive
Suite 100
Waterloo, IA 50701-9374

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Marc A Goldbach
Goldbach Law Group
111 West Ocean Boulevard
Suite 400
Long Beach, Ca 90802-4633

Nancy K Curry (TR)
1000 Wilshire Blvd., Suite 870
Los Angeles, CA 90017-2466

Washica Little
1146 N. Central Avenue #219
Glendale, CA 91202-2506

End of Label Matrix
Mailable recipients    15
Bypassed recipients     0
Total                  15